**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, | |
| Plaintiff, | Case No.: _____ |
| v. | |
| FRESHSTART HAMPTON, LLC | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Capitol Specialty Insurance Corporation ("CSIC"), by and through its undersigned counsel, and hereby files this, its Complaint for Declaratory Judgment, respectfully showing this Court the following:

**INTRODUCTION**

1.     CSIC files this complaint for declaratory judgment seeking a declaration regarding CSIC's rights and obligations under a commercial general liability insurance policy in connection with an underlying lawsuit filed against Freshstart Hampton, LLC ("Freshstart").

2.     The underlying lawsuit captioned *Jeryl Shaw v. Freshstart Hampton, LLC*, Case No. 2018CP4500382 is brought by Jeryl Shaw ("Mr. Shaw") against Freshstart in the Court of Common Pleas of Williamsburg County, South Carolina (the "Underlying Lawsuit"). The Underlying Lawsuit asserts causes of action and seeks damages arising from Mr. Shaw's alleged trip-and-fall accident at an apartment complex located at 825 Tomlinson St., Kingstree, South Carolina 29556. A true and correct copy of the complaint filed in the Underlying Lawsuit is attached hereto as Exhibit 1.

3.     The Underlying Lawsuit was filed against Freshstart on September 6, 2018. The

complaint was served on Freshstart on September 10, 2018.

4.    CSIC, however, first received notice of the Underlying Lawsuit on July 7, 2021, nearly three years after service of the complaint on Freshstart. This extremely belated notice breached the conditions of the policy requiring Freshstart to provide written notice to CSIC of the Underlying Lawsuit "as soon as practicable" and to "immediately" send CSIC copies of the Underlying Lawsuit. In addition to failing to report the Underlying Lawsuit to CSIC timely and properly, Freshstart failed to respond to the Underlying Lawsuit, and a default judgment was entered against Freshstart on or about October 25, 2018.

5.    Freshstart's inexcusable failure to notify the Underlying Lawsuit to CSIC timely and properly has substantially prejudiced CSIC such that CSIC has no duty to defend or indemnify Freshstart with respect to this matter.

6.    Additionally, Freshstart first requested to be added as an additional named insured on the insurance policy at issue on September 17, 2018 after Freshstart had actual knowledge of the Underlying Lawsuit against it. Freshstart and its retail agent did not disclose the existence of the Underlying Lawsuit to CSIC in connection with the request to add Freshstart as an additional named insured under the insurance policy. Under South Carolina law, there is no coverage under the policy for this known loss.

7.    Freshstart first reported the Underlying Lawsuit to CSIC on July 7, 2021 and subsequently demanded defense and indemnity against the Underlying Lawsuit from CSIC.

8.    After conducting an investigation into this matter and specifically as to whether notice of the Underlying Lawsuit had been previously provided to CSIC, CSIC denied Freshstart's claim for coverage on August 3, 2021 and now seeks a declaration from this Court affirming that CSIC has no duty to defend or indemnify Freshstart against the Underlying Lawsuit.

## THE PARTIES

9.     CSIC is an insurance company incorporated in the State of Wisconsin and maintains its principal place of business at 1600 Aspen Commons, Suite 300, Middleton, Wisconsin 53562.  CSIC has over $75,000 at stake in connection with the amount insured under the insurance policy at issue.

10.     Freshstart is a limited liability company organized under the laws of State of South Carolina and maintains its principal place of business in South Carolina. Upon information and belief, no member of Freshstart is a citizen of the State of Wisconsin.  Freshstart can be served with process through its registered agent located at the following address: Eva D. Werk, 1036 Governors Rd., Mt. Pleasant, South Carolina 29464.

## JURISDICTION & VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because, upon information and belief, there is complete diversity of citizenship between CSIC and Freshstart and because the amount in controversy exceeds $75,000.

12.     This Court has personal jurisdiction over Freshstart because, upon information and belief, Freshstart is a citizen of South Carolina.

13.     Venue in this District and Division is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Underlying Lawsuit and this Complaint occurred within Williamsburg County, South Carolina, which is located within this District and Division.

14.     By filing this Complaint in this Court, CSIC avails itself of this Court's jurisdiction and venue.

15.     An actual case or controversy of a justiciable nature exists between CSIC and Freshstart regarding the extent to which coverage exists under the insurance policy issued by CSIC

under which Freshstart is an insured. CSIC is, therefore, entitled to bring this declaratory judgment action in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## BACKGROUND FACTS

### A.  The Policy

16.    CSIC issued Commercial General Liability Policy No. BR02843304-01 to Triumph Housing Management LLC ("Triumph") for the policy period of November 1, 2017 to November 1, 2018 (the "Policy"). The Policy provides Commercial General Liability coverage on an occurrence basis with a limit of liability of $1,000,000 for each occurrence and $2,000,000 in the aggregate.  A true and correct copy of the Policy is attached hereto as Exhibit 2.

17.    On September 21, 2018, pursuant to an endorsement added to the Policy on that date, Freshstart was added an additional named insured under the Policy, effective at the inception of the Policy, November 1, 2017.

18.    In relevant part, the conditions section of the Policy's Commercial General Liability Coverage Form provides as follows:

> **Section IV – Commercial General Liability Conditions**
> …
> **2. Duties in the Event of Occurrence, Offense, Claim or Suit**
> a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
> 1.  How, when and where the "occurrence" or offense took place;
> 2.  The names and addresses of any injured persons and witnesses; and
> 3.  The nature and location of any injury or damage arising out of the "occurrence" or offense.
> b.  If a claim is made or a "suit" is brought against any insured, you must:
> 1.  Immediately record the specifics of the claim or "suit" and the date received; and
> 2.  Notify us as soon as practicable.

4

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.  You and any other insured must:

1.  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

2.  Authorize us to obtain records and other information;

3.  Cooperate with us in the investigation or settlement of the claim or defense against the "suit" and;

4.  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of any injury or damage to which this insurance may also apply.

**B.  The Underlying Lawsuit**

19.    Mr. Shaw filed the Underlying Lawsuit on September 6, 2018 and served the Underlying Lawsuit on Freshstart on September 10, 2018.

20.    The Underlying Lawsuit alleges that on or about June 16, 2018, Mr. Shaw was a guest of a tenant of the Interfaith Apartments, located at 825 Tomlinson St., Kingstree, South Carolina 29556, and that Freshstart is the owner and operator of the Interfaith Apartments. (*See* Exhibit 1 at ¶¶ 2, 4).

21.    The Underlying Lawsuit asserts that Mr. Shaw went to borrow a cooking utensil from another resident and, upon leaving that resident's apartment, fell down a flight of stairs, resulting in bodily injury to Mr. Shaw, including a broken hip. The Underlying Lawsuit alleges that the stairwell was poorly lit and lacked a handrail. (*See* Exhibit 1 at ¶¶ 4–5, 7).

22.    The Underlying Lawsuit asserts a single count for "negligence/gross negligence-premises liability" and alleges that Freshstart breached its duty to Mr. Shaw to eliminate or warn him of code violations and unreasonably dangerous conditions on the property that Freshstart could reasonably be expected to discover. In the Underlying Lawsuit, Mr. Shaw seeks actual and consequential damages, punitive damages, costs, and interest. (*See* Exhibit 1 at ¶¶ 11, 14–15).

23.     Freshstart did not respond to the Underlying Lawsuit, and an order of default was entered against Freshstart on October 25, 2018.

24.     A default judgment hearing on Mr. Shaw's damages is set for August 11, 2021 at 10:30 a.m. at The Law Offices of Ronnie A Sabb, LLP before Rodney C. Jernigan, Jr., the court-appointed Special Referee.

### C. Freshstart's Purported Notification of the Underlying Lawsuit and Freshstart's Request to be Added as an Additional Named Insured under the Policy

25.     On or about September 17, 2018, Freshstart, via Triumph, provided notice of the Underlying Lawsuit to its retail agent, The Cone Company ("Cone").

26.     That same day, Cone sent a request to CSIC, for the first time, that Freshstart be added to the Policy as an additional named insured effective September 21, 2018.

27.     On September 19, 2018, Cone submitted another request clarifying that Freshstart was to be added as an additional named insured effective as of Policy inception, November 1, 2017.

28.     These requests to add Freshstart as an additional named insured did not disclose Mr. Shaw's alleged accident or that the Underlying Lawsuit had been filed against Freshstart.

29.     Via Endorsement 22 to the Policy dated September 21, 2018, Freshstart was added an additional named insured to the Policy effective that same date. Via Endorsement 23 to the Policy, also dated September 21, 2018, Freshstart was added as an additional named insured to the Policy effective as of Policy inception, November 1, 2017. (*See* Exhibit 2, Policy Endorsement 22 and Endorsement 23).

30.     Freshstart did not seek to be added to the Policy as an additional named insured until after it had been served with the Underlying Lawsuit.

31.     On July 7, 2021, Cone sent CSIC a notice from the Court of Common Pleas of

Williamsburg County, South Carolina regarding the August 11, 2021 default judgment hearing in the Underlying Lawsuit.

32.    Upon inquiry from CSIC as to why it had not previously been provided with notice of the Underlying Lawsuit, on July 20, 2021, Cone provided CSIC with an email dated September 19, 2018 purporting to show that Cone provided notice of the Underlying Lawsuit to CSIC's broker, RT Specialty.

33.    RT Specialty has no record of receiving this email or any other notice pertaining to the Underlying Lawsuit.

34.    CSIC received no notification of the Underlying Lawsuit from RT Specialty, Cone, Freshstart, or Triumph at the time when Cone allegedly submitted the purported September 19, 2018 notification.

35.    Because CSIC has suffered substantial prejudice in this matter due to not receiving notice of the Underlying Lawsuit until Freshstart had been in default for nearly three years, thus depriving CSIC of the ability to defend against the factual allegations of the Underlying Lawsuit, and because Freshstart sought to obtain insurance coverage for a known loss, CSIC denied coverage for Freshstart's claim on August 3, 2021. A true and correct copy of CSIC's denial letter is attached hereto as Exhibit 3.

## COUNT ONE - DECLARATORY JUDGMENT
### There Is No Coverage Under the Policy Due to Freshstart's Late Notice of the Underlying Lawsuit

36.    CSIC re-alleges each and every allegation contained in Paragraphs 1-35 as though fully set forth herein.

37.    Section IV.2.b of the Policy's Commercial General Liability Coverage Form provides that in the event a "suit" is brought against an insured, the insured "must … see to it that

we receive written notice of the claim or 'suit' as soon as practicable."

38.    Additionally, Section IV.2.c.1 of the Policy's Commercial General Liability Coverage Form provides that an insured "must . . . [i]mmediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'"

39.    The Underlying Lawsuit unambiguously constitutes a "suit," which, in relevant part, means "a civil proceeding in which damages because of 'bodily injury' . . . to which this insurance applies are alleged." (*See* Exhibit 2, Policy, Commercial General Liability Coverage Form, Section V.18).

40.    Neither CSIC nor RT Specialty have any record of receiving the purported September 19, 2018 notice of this claim from Cone at the time when it was allegedly sent.

41.    CSIC's first notice of the Underlying Lawsuit came on July 7, 2021 when Cone provided CSIC of notice of the August 11, 2021 default judgment hearing.

42.    While Freshstart provided notice of the Underlying Lawsuit to Cone on September 17, 2018, Cone is not an agent of CSIC and, therefore, that notice does not constitute proper notice to CSIC under the terms, conditions, and other provisions of the Policy.

43.    Because Freshstart failed to provide written notice to CSIC of the Underlying Lawsuit as soon as practicable and failed to immediately send CSIC copies of the Underlying Lawsuit, CSIC was unable to evaluate coverage under the Policy for this matter and was precluded from being able to assign counsel to represent Freshstart's interests in the Underlying Lawsuit and to defend against the underlying allegations.

44.    In addition to failing to report the Underlying Lawsuit to CSIC timely and properly, Freshstart failed to respond to the Underlying Lawsuit, which resulted in an entry of default against Freshstart on October 25, 2018.

8

45.    Freshstart's failure to comply with its obligations under the Policy has resulted in substantial prejudice to CSIC because, due to the entry of default against Freshstart, Freshstart is now unable to contest its liability to Mr. Shaw with respect to the Underlying Lawsuit as a matter of law.

46.    Accordingly, CSIC has no obligation to defend or indemnify Freshstart with respect to the Underlying Lawsuit.

47.    CSIC therefore respectfully requests that the Court enter a judgment declaring that due to Freshstart's failure to provide notice of the Underlying Lawsuit to CSIC pursuant to the terms, conditions, and other provisions of the Policy, CSIC owes no duty to provide or pay for a defense for Freshstart or to indemnify Freshstart in connection with the Underlying Lawsuit.

## COUNT TWO - DECLARATORY JUDGMENT

**There Is No Coverage Under the Policy Because Freshstart Sought to be Added to the Policy with Knowledge of the Underlying Lawsuit**

48.    CSIC re-alleges each and every allegation contained in Paragraphs 1-47 as though fully set forth herein.

49.    Mr. Shaw's alleged accident occurred on June 16, 2018. Mr. Shaw filed the Underlying Lawsuit against Freshstart on September 6, 2018 and served the Underlying Lawsuit on Freshstart on September 10, 2018.

50.    Freshstart notified Cone of the Underlying Lawsuit on September 17, 2018.

51.    That same day, Cone requested for the first time that Freshstart be added as an additional named insured to the Policy without disclosing the underlying incident or that the Underlying Lawsuit had been filed against and served upon Freshstart, despite both Cone and Freshstart's knowledge of the Underlying Lawsuit.

52.     Freshstart did not seek to be added as an additional named insured under the Policy until after it had been served with the Underlying Lawsuit.

53.     In requesting to be added as additional named insured under the Policy with knowledge of the Underlying Lawsuit and by failing to disclose the Underlying Lawsuit to CSIC in connection with that request, Freshstart impermissibly sought coverage for a known loss.

54.     South Carolina law recognizes that insurance policies such as the Policy at issue here, by their very nature, are meant to protect against the unknown or the possibility of a loss rather than actual known losses. *See Bessinger v. R-N-M Builders & Assos., LLC*, 806 S.E.2d 731, 738 (S.C. Ct. App. 2017).

55.     CSIC therefore respectfully requests that the Court enter a judgment declaring that because Freshstart had actual knowledge of the Underlying Lawsuit at the time that it sought to be added to the Policy as an additional named insured, CSIC owes no duty to provide or pay for a defense for Freshstart or to indemnify Freshstart in connection with the Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, CSIC prays for judgment:

a.     That the Court declare that no coverage is afforded, no indemnity payments are due, and no duty to provide or pay for a defense for the Underlying Lawsuit under the Policy has arisen due to Freshstart's failure to provide notice of the Underlying Lawsuit pursuant to the terms, conditions, and other provisions of the Policy;

b.     That the Court declare that no coverage is afforded, no indemnity payments are due, and no duty to provide or pay for a defense for the Underlying Lawsuit under the Policy has arisen because by seeking to be added as additional named insured under the Policy with knowledge of

the Underlying Lawsuit and by failing to disclose the Underlying Lawsuit to CSIC in connection

with that request, Freshstart impermissibly sought coverage for a known loss;

    c.    That the Court award CSIC its expenses and costs incurred in this action; and

    d.    That the Court award CSIC such other and further relief as it deems just and proper.

## JURY TRIAL DEMANDED

CSIC demands a jury trial of all issues so triable

Respectfully submitted, this 6th day of August, 2021.

*/s/ Morgan S. Templeton*
Morgan S. Templeton (Fed ID # 7187)
morgan.templeton@walltempleton.com
WALL TEMPLETON & HALDRUP, P.A
145 King Street, Suite 300
Charleston, South Carolina 29402
Phone: 843-329-9500
Fax: 843-329-9501

Charles A. Jones (*Pro Hac Vice* to be filed)
tony.jones@troutman.com
TROUTMAN PEPPER HAMILTON
SANDERS LLP
401 9th Street, NW, Suite 1000
Washington, D.C. 20004
Phone: 202-274-2950
Fax: 202-654-5834

Thomas S. Hay (*Pro Hac Vice* to be filed)
thomas.hay@troutman.com
Crighton T. Allen (*Pro Hac Vice* to be filed)
crighton.allen@troutman.com
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree St., N.E., Suite 3000
Atlanta, Georgia 30308
Phone: 404-885-3000
Fax: 404-885-3900

*Counsel for Plaintiff Capitol Specialty
Insurance Corporation*

11